IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

KENNETH ELLIOTT and SUSAN YOUNG, Individually and On Behalf of All Others Similarly Situated,

CAFN:

Plaintiffs,

v.

WARRANTECH CONSUMER PRODUCT SERVICES, INC. and TAG WARRANTY CORPORATION f/k/a AMT WARRANTY CORPORATION

Defendants.

**CLASS ACTION COMPLAINT**

COMES NOW, Plaintiffs Kenneth Elliott and Susan Young individually and on behalf of all others similarly situated, through their undersigned counsel, and files this Class Action Complaint against Defendants, Warrantech Consumer Product Services, Inc. and TAG Warranty Corp. f/k/a AMT Warranty Corp, based upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by their counsel as follows:

## NATURE OF THE ACTION

1. This action arises from dishonest business practices perpetrated by the Defendants with respect to a contractual "no lemon guarantee" with Plaintiffs and the members of the Class.

2. Plaintiffs and the members of the Class entered into service contracts with Defendants.

3. Despite their representations, promises and contractual obligations to the contrary alleged herein, Defendants routinely and uniformly failed (and continue to fail) to fulfill their obligations under the "no lemon guarantee".

4. The above-described practices, alleged in further detail below, give rise to Plaintiffs' and the putative class' claims for violation of breach of contract (Count I), unconscionability (Count II), and unjust enrichment (Count III).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), as this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which members of the class, which number in excess of 100, are citizens of states different from Defendants.

6. Jurisdiction over Defendants is proper under O.C.G.A. §§ 9-10-91(1),

9-10-91(2), and 9-10-91(3).

7. Venue is proper in this district pursuant to 28 U.S.C.§ 1391(a) because a substantial part of the events giving rise to the claim occurred in this district.

**PARTIES**

8. Plaintiff Kenneth Elliott ("Plaintiff Elliott"), is a natural person domiciled in Chickamauga (Walker County), Georgia. Plaintiff is a member of the putative class defined herein.

9. Plaintiff Susan Young ("Plaintiff Young"), is a natural person domiciled in Chickamauga (Walker County), Georgia. Plaintiff is a member of the putative class defined herein.

10. Defendant Warrantech Consumer Product Services, Inc ("Warrantech") is a Connecticut corporation with its principal place of business in Bedford, Texas. Warrantech may be served with process through its Registered Agent. Corporation Service Company at 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, (Gwinnett County) GA.

11. TAG Warranty Corp. f/k/a AMT Warranty Corp. ("AMT") is a Delaware corporation with its principal place of business in Bedford, Texas. AMT may served with process through its Registered Agent. Corporation Service Company at 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, (Gwinnett County)

GA.

## BACKGROUND

12. Defendants provide warranty products and administrative services for manufacturers, retailers, dealers, and distributors of automotive and consumer products sectors.

13. Defendants also engage in the underwriting and administration of service contracts and extended warranties on various consumer products.

14. An extended service plan ("ESP") is a contract with purchasers of products for an additional fee. An ESP (sometimes referred to as a "service contract") is a separate policy from the manufacturer's warranty. ESPs are usually purchased at the same time as the product itself. The key distinction is that a warranty strictly covers defects in workmanship and materials, while an ESP cover product failure in general with a list of exclusions. To help differentiate from manufacturer's warranties, ESPs occasionally come with additional benefits, such as coverage for theft or accidental damage, replacements if a product fails a given number of times ("no lemon guarantee"), access to additional services, priority service and technical support.

15. Defendants sell their ESPs through retailers and distributors, including Siano Appliance Distributors.

16. Siano Appliance Distributors is a wholesale distributor of over 20 major brands of appliances based in Memphis, Tennessee, with branches throughout the South East US, one of which is located in Chattanooga, Tennessee.

17. When buying products from Siano Appliance Distributors (and other similar appliance distributors and retailers), consumers can purchase an ESP for an additional fee. These ESPs are underwritten and issued by Defendants.

18. No written contract is entered with Defendants at the time an ESP is purchased from Defendants.

19. Defendants have written "Service Contract Terms and Conditions" that are sometimes (but not always) provided to consumers at the time of purchase.

20. Upon information and belief, Defendants' "Service Contract Terms and Conditions" are identical in all material respects and all contain a "no lemon guarantee".

**FACTS RELATING TO PLAINTIFF ELLIOTT**

21. On or about May 28, 2016, Plaintiff Elliott (through his builder Lewin Construction, LLC), obtained an estimate for new cooktop, wall oven, dishwasher, warming drawer, and refrigerator from Siano Appliance for an amount in excess of $10,000. (A copy of the estimate/invoice is attached as Exhibit "A")

22. The refrigerator ultimately purchased by Plaintiff Elliott was a Kitchen Aid Model KRMF-706-EB501 Refrigerator / Serial # K61213025 (hereinafter referred to as “the Kitchen Aid refrigerator”). (See Exhibit “A”)

23. The cost of the Kitchen Aid refrigerator was $2,999.03, not including sales tax. (See Exhibit “A).

24. At the time the appliances were purchased, Plaintiff Elliott purchased an ESP on all the appliances (including the Kitchen Aid refrigerator) for an additional cost of $1,329.88. (See Exhibit “A”)

25. The only documents provided to Plaintiff Elliott at the time of purchase related to the ESP was Exhibit “A” and a Siano Appliance flyer (attached as Exhibit “B”).

26. Plaintiff Elliott was not provided Defendants’ purported “Service Contract Terms and Conditions” at the time of purchase.

27. The appliances (including the Kitchen Aid refrigerator) were delivered to Plaintiff Elliott’s home located at 157 Valley Rim Dr, Chickamauga, GA 30707 on March 17, 2017.

28. Beginning in July, 2020, the Kitchen Aid refrigerator began having issues maintaining temperature due to an apparent manufacturing defect in one, or more, of its component parts.

29. A total of at least eleven (11) service calls related to the Kitchen Aid refrigerator occurred between July, 2020 and February, 2022. (See spreadsheet attached as Exhibit "C").

30. Defendants breached the "no lemon guarantee" of the contract, by failing and refusing to replace the Kitchen Aid refrigerator after more than three (3) service calls or repair attempts within a twelve (12) month period.

31. On March 8, 2022 Plaintiff Elliott was provided (for the first time) Defendants' purported "Service Contract Terms and Conditions" upon the Plaintiff requesting same from Warrantech. (A copy of the document sent to Plaintiff on March 8, 2022 is attached as Exhibit "D").

**FACTS RELATING TO PLAINTIFF YOUNG**

32. On or about August 12, 2015, Plaintiff Young (through her builder Cloudland Station) obtained an estimate for a Jenn-Air Microwave/Wall Oven Combo (hereinafter referred to as "the Jenn-Air oven") from Siano Appliance.( A copy of the estimate is attached as Exhibit "E")

33. At a later date, Plaintiff purchased the Jenn-Air oven. At the time the Jenn-Air oven was purchased, Plaintiff Young purchased an ESP from Defendants for an additional cost.

34. Plaintiff Young was provided Defendants' ten (10) page "Service Contract

Terms and Conditions" at the time of purchasing the ESP. (Pages 1 and 4 of this document is attached as Exhibit “F”)

35. Prior to January 30, 2017 (the date Plaintiff Young moved into her new home located at 20 Lantern Cove Rd, Chickamauga 30707), the Jenn-Air oven was delivered and installed by Siano Appliance.

36. Beginning in December, 2021, the Jenn-Air oven began having an issue where it displayed a flashing error message.

37. Following a claim by Plaintiff Young, in December 2021, Defendants sent “Vehtech” to Plaintiff Young’s home to attempt to repair the Jenn-Air oven.

38. The December 2021 repair attempt was unsuccessful.

39. Unsuccessful repairs under the ESP have been attempted by Vehtech on three additional occasions in January, 2022, February 2022, and April 2022.

40. As of the date of this Complaint, the Jenn-Air oven is still broken.

41. Defendants breached the “no lemon guarantee” of their contract with Plaintiff Young by failing and refusing to replace the Jenn-Air oven after more than three (3) service calls or repair attempts within a twelve (12) month period.

## FACTS RELATED TO PUTATIVE CLASS MEMBERS

42. The experiences of Plaintiff Elliott and Plaintiff Young are not unique.

43. Warrantech is not accredited by the Better Business Bureau and has a customer rating of 1.14/5. [1] The lowest possible customer rating is 1.0/5.

44. The Better Business Bureau's website has many reviews that contain similar experiences to Plaintiffs Elliott and Young. [2]

45. Similar anecdotes told by other members of the Class appear on other websites as well . See, e.g., Youtube.com -Warrentech Customer Service Is The Worst - Lemon Law - Maytag Fridge [3] and Complaints Board.com[4]

## CLASS ACTION ALLEGATIONS

46. This action satisfies the prerequisites for maintenance as a class action provided in Fed. R. Civ. P. 23(a), as set forth below.

47. *Class Definition*. Plaintiffs bring this action individually and on behalf of the following class of similarly situated persons (the "Class"), of which Plaintiffs

---

[1]https://www.bbb.org/us/tx/bedford/profile/extended-warranty-contract-service-companies/warrantech-0714-300202853

[2] Leticia W. 7/6/20 review attached as Exhibit "G"
Kellee E. 12/30/20 review attached as Exhibit "H"
Edward R. 1/23/21 review attached as Exhibit "I"
Tari K 2/3/21 review attached as Exhibit "J"
Regina P 12/29/21 review attached as Exhibit "K"
Lisa E. 4/21/21 review attached as Exhibit "L"

[3]https://www.youtube.com/watch?v=YFBTlxZSKC0&t=2s

[4]https://www.complaintsboard.com/warrantech-b124250

are members:

> All natural persons domiciled in the United States or its territories who purchased a Warrantech extended service plan containing a "no lemon guarantee" who have had more than three (3) service calls or repair attempts within any twelve (12) month period between April 2016 and the present and have not received a replacement product.

Excluded from the Class are Defendants and any of its respective officers, directors or employees, the presiding judge, Class counsel and members of their immediate families, and persons or entities who timely and properly exclude themselves from the Class.

48. *Georgia Subclass*. In the alternative, Plaintiffs bring this action individually and on behalf of a sub-class of Georgia consumers only who are members of the above-defined class.

49. *Numerosity*. The members of the Class are so numerous and geographically dispersed throughout the United States such that joinder of all members is impracticable. Plaintiffs believe that there are thousands of persons in the Class. The exact number and identity of Class members is unknown to Plaintiffs at this time and can only be ascertained from information and records in the possession, custody or control of Defendants.

50. *Commonality*. There are questions of law or fact common to the Class including, *inter alia*, the following:

a. whether a contract existed between Defendants on the one hand and Plaintiffs and the Class on the other and the terms of that contract;

b. whether Defendants breached the "no lemon guarantee" contained in the contract ;

c. whether Defendants' conduct, including the drafting and/or sale of its extended service plans is unconscionable;

d. whether Plaintiffs and the Class conferred a benefit on Defendants when they paid for their extended service plans and whether it would be unjust for it to retain such benefits under the circumstances alleged herein;

e. whether the Court has subject matter jurisdiction and whether venue in this district is proper;

f. whether Plaintiffs and the members of the Class are entitled to their damages, and the appropriate measure thereof; and

g. whether equitable or injunctive relief is appropriate.

51. *Typicality*. The claims of Plaintiffs are typical of the claims of the Class alleged herein. Plaintiffs and other members of the Class are all persons who purchased an extended service plan sold by Defendants and who have had more than three (3) service or repair claims within any twelve (12) month period

between April 2016 and the present and have not received a replacement product.

52. *Adequacy*. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel who are competent and experienced in the prosecution of complex and class action litigation. The interests of Plaintiffs are aligned with, and not antagonistic to, those of the Class.

53. *Fed. R. Civ. P. 23(b)(2) Requirements*. The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist, as Defendants have acted or have refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

54. Defendants' actions are generally applicable to the Class as a whole, and Plaintiffs seek, *inter alia*, equitable remedies with respect to the Class as a whole.

55. Defendants' uniform common course of conduct alleged herein makes declaratory relief with respect to the Class as a whole appropriate.

56. *Fed. R. Civ. P. 23(b)(3) Requirements*. This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.

57. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for individual Class members.

58. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class.

**COUNT I**
**(Breach of Contract)**

59. Plaintiffs and the Class re-allege and incorporate the foregoing paragraphs.

60. When Plaintiffs and the Class bought a product from an appliance retailer or distributor, they entered into a contract with Defendants, wherein Plaintiff and members of the Class agreed to pay for an extended service plan.

61. In exchange, Defendants agreed to help Plaintiffs and the Class manage the cost and inconveniences of covered product failures by replacing or repairing the said product.

62. Under the ESP, Defendants made a "no lemon guarantee" that after more than three (3) service calls or repair attempts within a twelve (12) month period, Defendants would replace the product.

63. Plaintiffs and the Class performed their duties under the aforesaid contract

by paying the purchase price of the extended service plan in full.

64. By failing to replace the product after more than three (3) service calls or repair attempts within a twelve (12) month period, Defendants breached its contractual obligations to plaintiffs and the class.

65. As a result of the foregoing, Plaintiffs and the Class have been damaged in an amount to be proven at trial.

**COUNT II**
**(Unconscionability)**

66. Plaintiffs and the Class re-allege and incorporate the foregoing paragraphs.

67. Plaintiffs and the Class paid the Defendants for ESPs that provided a "no lemon guarantee", for which Defendants did not provide coverage.

68. Defendants made deceptive and/or misleading representations regarding the ESPs that would have deceived an objectively reasonable person into believing the ESPs were valuable and that the consumers' purchases would be "protected" and/or that they would be entitled to coverage under the ESPs.

69. Plaintiffs and the members of the class would not have purchased the ESPs had they been fully informed regarding Defendants' "no lemon guarantee" policies and procedures.

70. As a result of the foregoing, Plaintiffs and the Class have been damaged in

an amount to be proven at trial.

**COUNT III**
**(Unjust Enrichment)**

71. Plaintiffs and the Class re-allege and incorporate the foregoing paragraphs.

72. Plaintiffs and the Class paid the Defendants for an ESP with a "no lemon guarantee" for which Defendants did not provide coverage.

73. Plaintiffs and the Class conferred a benefit on Defendants by paying the full purchase price of the extended service plan.

74. Defendants appreciated the benefits of such payments in the form of revenue received from Plaintiffs and the Class.

75. Defendants kept the "no lemon guarantee" portion of the purchase price of the ESP despite having not provided any service to the purchaser whatsoever.

76. Defendants' acceptance and retention of the aforesaid benefits under the circumstances alleged herein would be inequitable absent the repayment of such amounts to Plaintiffs and the Class.

77. As a result of the foregoing, Plaintiffs and the Class have been damaged in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of members of the

Class, pray for judgment in their favor and against Defendants and for the following relief:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, certifying the Class defined herein and designating Plaintiffs as representative of the Class and their undersigned counsel as Class counsel;

B. Awarding Plaintiffs and the Class (1) their actual damages, and (2) such exemplary damages as the Court may allow;

C. Awarding Plaintiffs and the Class equitable relief including, *inter alia*, a finding that the contracts they entered into are void and unenforceable and disgorgement of Defendants' ill-gotten gains;

D. Granting appropriate injunctive and declaratory relief; and

E. Awarding such other and further available relief and any other relief the Court deems just and appropriate.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted this 15th day of April, 2022.

/S/ Joseph W. Weeks
Joseph W. Weeks
Georgia Bar No. 912341
Attorney for Plaintiffs

McNALLY WEEKS
125 Clairemont Avenue, Suite 450
Decatur, GA 30030-2560
Ph: 404-373-3131
Fax: 404-373-7286

/S/ Andrew R. Lynch
Andrew R. Lynch
Georgia Bar No. 120333
Attorney for Plaintiffs

ANDREW R. LYNCH, P.C.
125 Clairemont Avenue, Suite 470
Decatur, GA 30030-2560
Ph: 404-373-7735
Fax: 404-377-0106